*20cv241-SWS*

12/19/2020

Connie Halcomb
2413 Kilmary Drive
Rawlins, Wyoming 82301
307-328-5490

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 19 2020
6:49 pm
Margaret Botkins, Clerk
Cheyenne

To Whom it May Concern:

I have a deadline of December 19,2020 to file my complaint. According, to the EEOC letter I received, I have a "right to sue," and my deadline is December 19,2020. I have spoken to several lawyers regarding my case. They have told me that they do not have the staff to take on my case. One lawyer typed up my letter of complaint, but said he would not file it. I have been given permission by the Clerk of Court to file my complaint by email to their NewCase Email. I have attached a copy of In Forma Pauperis Motion and my complaint letter.

Thank You,

Connie J. Halcomb

Connie J. Halcomb

**PARTIES**

1.      Plaintiff is an adult female individual and citizen of the United States who currently resides in in the State of Wyoming. At all relevant times, she was an employee of the Wyoming Department of Corrections within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and applicable case law.

2.      Defendant Wyoming Department of Corrections [herein referred to "WDOC"], located at 1934 Wyott Drive, Cheyenne, Wyoming 82002.

3.      At all relevant times, Defendant WDOC employed in excess of 500 employees and were, and at all times herein was and is, an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq..

**JURISDICTION AND VENUE**

4.      This is, in part, an action authorized and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981; 42 U.S.C. § 1981A; 42 U.S.C. § 1988, and the common law of the State of Wyoming.

5.      The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendent jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Wyoming, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. § 1367.

1

6.     Venue is proper in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(b), where Defendant is located, and where all the wrongful conduct and events occurred.

## ADMINISTRATIVE PREREQUISITES

7.     Ms. Halcomb has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 as follows:

A.     On or about _09-09-2019_, Ms. Halcomb timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter referred to as E.E.O.C.] against the Wyoming Department of Corrections - Wyoming Medium Correctional Institution.

B.     Ms. Halcomb promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated in the agency's investigation of this matter;

C.     Ms. Halcomb received her "Notice of Right- to-Sue" letter, date September 15, 2020, on _Sept. 19_, 2020. Ms. Halcomb has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.

## FACTS COMMON TO ALL CLAIMS

8.     Plaintiff was hired at WDOC on _01-27-2007_. Plaintiff works for the Department of Corrections (WDOC)-Wyoming State Penitentiary (WSP) Rawlins, Wyoming as a certified instructor/teacher and involves with my now supervisor and

2

staff at WSP writing reports on me.  Their reports have put Plaintiff in a position that the previous warden and staff feel that Plaintiff is not aware of her surroundings and environment and not allowed to be around inmates. Plaintiff has not been allowed to teach as she was hired to do. Plaintiff has been assigned several other job duties, presently Plaintiff is answering phone calls at the front desk in the Administration Building. On April 18,2019, Plaintiff was ordered to be evaluated by WDOC-psychologist, Dr. Post. Dr. Post does their evaluation when they hire new correctional officers for WDOC. Plaintiff has not been allowed to see or read Dr. Post's report. Human Resources (HR) staff verbally told Plaintiff that Dr. Post's report said Plaintiff was not aware of her environment.  HR staff presented Plaintiff with an American Disability Act Request (ADA) form to take to her doctor to fill out and that her doctor could go over Dr. Post report with her.  Plaintiff had not requested this, nor did she have any intention of filling it out.  Plaintiff's family did fill out the ADA form, stating that there was nothing wrong with her. Plaintiff's family doctor summarized what Dr. Post said, which is that he thinks Plaintiff is "senile" and that they would not allow Plaintiff to see the report or read it.  Plaintiff's family doctor was upset with the situation. Plaintiff's union representative suggested  that she get another psychologist opinion. Plaintiff has seen two neurologists since then, Dr. Santiago, Casper, Wyoming and Dr. Geoffrey Sherman PhD. in Casper, Wyoming. Dr. Santiago referred Plaintiff to Dr. Sherman. Dr.  Santiago and Dr. Sherman said Plaintiff does not have an impairment. Plaintiff met with WDOC HR staff on May 8,2020 to review the medical documentation that she submitted to them on April 30,2020.  The staff asked her if she felt like she

3

could safely work around inmates and in a secured environment. Plaintiff stated she did not feel comfortable working around inmates due to staff and inmates knowing her temporary assignments and possible gossip. Also, she told them with the position they put her through the past two years, she could work under her supervisor since she knows that Plaintiff has filed a "Hostile Work Environment" complaint. The letter Plaintiff received from WDOC on May 18,2020 said that Dr. Sherman did not address the specific concerns Dr. Post found, specifically, the concern regarding Plaintiff's ability to safely work in a secured environment around inmates. Justin Tripp Human Resources WDOC Cheyenne, Wyoming asked if she would have Dr. Sherman address this and if he would fill out an ADA Request. A brief summary of what Dr. Sherman stated was that Dr. Post performed a forensic evaluation to specifically determine Plaintiff's fitness for duty. Presumably, Dr. Post was hired by Defendant WDOC and billed them for his services. Plaintiff was therefore not his patient/client; rather, Defendant WDOC was. Plaintiff has no neurocognitive impairment; Plaintiff has no neuropsychological condition or diagnosis.

Since July 2020, Plaintiff has returned to her teaching duties. Plaintiff still does not feel comfortable working under the supervisor who created all of her humiliations . Plaintiff feels she has to watch every move she makes or what she says.  Plaintiff is afraid WDOC will use anything they can against her and try to use her age against her as before. They moved Plaintiff's class to the middle classroom and gave her previous classroom to the new welding instructor. Plaintiff does not have internet as do the two other classrooms.  Plaintiff's supervisor said it would cost too much to have internet

4

added to Plaintiff's classroom, but the computer technician said it would not. Plaintiff has not been treated fairly by Defendant WDOC.

11.     Plaintiff Halcomb was subjected to a hostile work environment as a result of her contesting information in a report

14.     Plaintiff has been discriminated against, and retaliated against, as a result of her being a female and in a protected class regarding her age.  This discrimination occurred in violation of Title VII of the Civil Rights Act, as amended.

15.      Plaintiff Halcomb complained of discrimination and otherwise exercised her rights under Title VII, the ADA, the ADEA and the WFEPA. A causal connection existes between his complaints and Defendant's actions.

16.     Plaintiff Halcomb was subjected to a hostile work environment due to her sex and age.  She was denied opportunities for advancement and has been retaliated against as a result of her complaints regarding the discrimination and her refusal to accept discrimination.  Defendants discriminated against her, on the basis of her sex and age by retaliating against Plaintiff for complaining about discrimination and creating an age and sexually hostile work environment.

## FIRST CAUSE OF ACTION

24.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of the above named Defendant(s).

25.     Specifically, Ms. Halcomb complains of Defendant WMCI's violation of Title VII's prohibition against retaliation in employment and based, in whole or in part upon an employee's sex, age and also on retaliation against the plaintiff for reporting unlawful employment practices.

26.     Ms. Halcomb is an age protected female and during her employment with Defendants was a member of a class protected under Title VII against retaliation by her employer, Defendant(s), or its supervisory personnel.

27.     At all relevant times, Ms. Halcomb fully, adequately, and completely performed all of the functions, duties, and responsibilities of her employment with Defendant WDOC.

28.     Prior to filing this action and filing the charge of discrimination termination, Plaintiff filed complaints with WDOC supervisors regarding racial discrimination.

29.     Subsequently, Ms. Halcomb has filed further complaints as a follow up to her previous complaints as nothing has taken place nor any corrective action regarding same. Her most recent complaint of retaliation has been presented to the Defendants less than 30 days prior to filing of this action.

30.     Upon information and or belief, Ms. Halcomb was denied promotions and other benefits for reporting discrimination.

## DAMAGES

32.     The conduct of the above-named Defendant, as set forth herein, in violating Ms. Halcomb's rights under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981, and the common law of Wyoming, caused injuries, damages, and harm to Ms. Halcomb, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life, all statutory money damages; and consequential losses.

**WHEREFORE,** Plaintiff Halcomb requests judgment and damages against Defendant Wyoming Department of Corrections, as follows:

A.    A declaratory judgment that Defendants have violated Ms. Halcomb's right to be free from discrimination in the workplace, a hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981, 42 U.S.C. 1981A;

B.    Enter an injunction ordering Defendant WMCI and WDOC to make Plaintiff whole with full back and benefits or in the alternative, front pay.

C.    An award to Ms. Halcomb for compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including emotional distress and mental anguish, impairment of the quality of life, and consequential loss;

D.    An award to Ms. Halcomb for exemplary and/or punitive damages in an amount to be shown at trial;

7

E.   An award to Ms. Halcomb for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(k), 42 U.S.C. § 1981A, 42 U.S.C. § 1988 and as provided under state law;

F.   An award to Ms. Halcomb of interest on any awards at the highest rate allowed by law; and

G.   Such other and further relief as this Court seems just and appropriate.

PLAINTIFF DEMANDS TRIAL TO A JURY AS GUARANTEED BY THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND PRESERVED BY RULE 38 F.R.C.P.

Dated this __17th__ day of December, 2020

Connie J. Halcomb, Plaintiff

*Connie J. Halcomb*